UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GUADALUPE AGUILAR AND § <br> MARIBEL AGUILAR, INDIVIDUALLY § <br> AND ON BEHALF OF V.L. AND R.L., § <br> MINORS, § <br>     *Plaintiffs* § <br> § <br> vs. § <br> § <br> UNITED STATES OF AMERICA, § <br>     *Defendant* § | | CIVIL ACTION NO. 7:16-CV-254 |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THIS HONORABLE COURT:

NOW COME PLAINTIFFS GUADALUPE AGUILAR, AND MARIBEL AGUILAR, INDIVIDUALLY AND ON BEHALF OF V.L. AND R.L., MINORS, complaining of DEFENDANT UNITED STATES OF AMERICA, and for cause of action respectfully shows this Honorable Court the following:

### I. PARTIES

1.  Plaintiff Guadalupe Aguilar is a resident of the State of Texas.

2.  Plaintiff Maribel Aguilar, Individually and on Behalf of V.L. and R.L. is a resident of the State of Texas.

3.  The Defendant is the United States of America.

### II. JURISDICTION AND VENUE

4.  This lawsuit is an action for personal injury brought pursuant to and in compliance with the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1) and 2671, *et seq.*, which vest subject matter jurisdiction of tort claims against the United States of America in the Federal District Courts. Therefore, this Federal District Court has jurisdiction of this cause.

5.	Venue is proper in this district since the United States of America is a Defendant and, pursuant to 28 U.S.C. § 1391(b)(2), a substantial part of the events or omissions giving rise to this claim occurred in the Southern District of Texas.

### III.  SERVICE OF PROCESS

6.	The United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civli Procedure by serving a copy of the Summons and Plaintiff's Original Complaint on United States Attorney Kenneth Magidson, United States Attorney for the Southern District of Texas, by certified mail, return receipt requested, at the United States Attorney's mailing address, 1000 Louisiana, Suite 2300, Houston, Texas 77002, to the attention of the Civil Process Clerk; and by serving a copy of the Summons and Plaintiff's Original Complaint on Loretta E. Lynch, Attorney General of the United States, by certified mail, return receipt requested, at the Office of the Attorney General, 10th and Constitution Avenue, N.W., Washington, D.C. 20530, to the attention of the Civil Process Clerk.

### IV.  LIABILITY OF THE UNITED STATES OF AMERICA

7.	This case is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 U.S.C. §§ 2671-2680, commonly referred to as the "Federal Tort Claims Act."  Liability of the United States is predicated on Title 28 U.S.C. §§ 1346(b)(1) and 2674 because the personal injuries and resulting damages of which complaint is made were proximately caused by the negligence, wrongful acts and/or omissions of the United States Border Patrol, and officers, employees and contractors of the United States Border Patrol while said officers, employees and contractors were acting within the scope of their office, employment, or contract with the United States Border Patrol and under circumstances where the United States of America,

if a private person, would be liable to the Plaintiffs in the same manner and to the same extent as a private individual.

## V.  JURISDICTIONAL PREREQUISITES

8. Pursuant to Title 28 U.S.C. §§ 2672 and 2675(a), Plaintiffs' claims set forth herein were timely filed and presented administratively to the Defendant's agency, the United States Border Patrol, and Forms 95 were submitted to said agency in August of 2015. More than six (6) months have passed since the filing of Plaintiffs' administrative claims. As of the date of Plaintiffs filing this Complaint, the United States Border Patrol has not made a final disposition of Plaintiffs' administrative claims by settlement or by written denial in accordance with 28 U.S.C. § 2675(a). Accordingly, Plaintiffs have elected to deem such failure to make final disposition of Plaintiffs' administrative claims as a denial thereof and have elected to file this action. Plaintiffs have complied with all jurisdictional prerequisites and conditions precedent to the commencement and prosecution of this action.

## VI. FACTS

9. This claim is a Federal Tort Claims Act action for monetary damages sustained by the Plaintiffs and resulting from personal injuries to the Plaintiffs as a result of the negligent conduct of the officers, employees, and contractors of the United States Border Patrol, who were acting within the scope of their office, employment, or contract with the United States.

10. On or about July 7, 2014, Ms. Maribel Aguilar was driving her vehicle (a Ford Fusion) westbound on West Expressway 83 in McAllen, Texas. Ms. Guadalupe Aguilar and two children were passengers in the vehicle. A United States Border Patrol employee, Nolan Kennedy, was driving a Government Tahoe with License Plate #DHS265490 and was traveling directly behind Ms. Aguilar. Suddenly, another vehicle cut in front of Ms. Aguilar, causing her

to brake and move onto the shoulder.  Mr. Kennedy then failed to control his speed and crashed into the back of her vehicle.

### VII. DAMAGES

11. By reason of the occurrence made the basis of this action, including the negligent conduct on the part of Mr. Kennedy, who was at all times an employee of the Defendant and in the course and scope of his employment, Plaintiffs sustained severe bodily injuries and property damage.

12. As a result of the foregoing injuries, Ms. Maribel Aguilar has suffered loss of wages in the past and loss of capacity to work and earn money in the future and, in reasonable probability, his earning capacity has been impaired permanently.

13. Additionally, Plaintiffs have incurred reasonable and necessary medical expenses in the past and, in reasonable probability, will incur reasonable medical expenses in the future.

14. As a result of the injuries sustained in the occurrence, Plaintiffs have suffered in the past and will, in reasonable medical probability, continue to suffer physical impairment.

15. Ms. Maribel Aguilar is physically impaired as a result of her injuries.  As a consequence, she has lost the ability to perform household services.

16. Pleading further, in the alternative, if it be shown that Plaintiff was suffering from some pre-existing injury, disease, and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

### VIII.  CAUSES OF ACTION

17. Plaintiffs incorporate the allegations and statements above herein.

18. Defendant's employee, Mr. Kennedy, is guilty of negligence by failing to keep a proper lookout, failing to control his speed, and other actions and inactions that caused the collision complained of and were the cause of Plaintiff's injuries and damages.  Plaintiffs will further show

that Mr. Kennedy breached his duty of care owed to Plaintiffs, as fellow motorists and passengers, to drive with reasonable care to avoid a foreseeable risk of injury to others.

19.    Mr. Kennedy's acts and omissions constituting negligence described herein were a proximate cause of the occurrence in question and the injuries and damages sustained by the Plaintiffs.

20.    The acts and omissions of Mr. Kennedy were performed while in the employment of Defendant and were within the scope of that employment or within the authority delegated to Mr. Kennedy.

21.    This negligence was a proximate cause of the occurrence in question and the injuries and damages sustained by the Plaintiffs.

### IX.  JURY DEMAND

22.    Plaintiffs hereby request a trial by jury, and has tendered the corresponding jury fee.

### X.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for judgment against Defendant in the amount of at least $75,000, pre- and post-judgment interest as allowed by law, for all costs of Court, and all such other and further relief, at law and in equity, to which they may be justly entitled.

Respectfully submitted,

/S/  KEITH W. LAPEZE
Keith W. Lapeze
Attorney-In-Charge
TBA No.  24010176
SD No. 24437
601 Sawyer Street, Suite 650
Houston, Texas 77007
Tel. No. (713) 739-1010
Fax No. (713) 739-1015
E-Mail keith@lapezejohns.com

5

OF COUNSEL:
Taylor Shipman
TBA No. 24079323
E-Mail taylor@lapezejohns.com

ATTORNEYS FOR PLAINTIFFS